# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| CALVIN JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-111 |
| | ) | |
| U.S. MARSHALS, U.S. DISTRICT | ) | |
| COURT for GEORGIA SAVANNAH | ) | |
| DIVISION | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed this lawsuit while housed at the Federal Correctional Complex in Coleman, Georgia. *See* doc. 1 at 5. Plaintiff is proceeding *pro se* and seeks to proceed *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983, but he has failed to complete the process for qualifying as IFP. *See* Doc. 3 (granting IFP status); *but see* doc. 4. Plaintiff is well known to this Court and has filed numerous frivolous cases, often doing what he has done here: failing to return IFP forms or pay his filing fees in violation of court order despite being repeatedly warned of the repercussions for failure to comply. *See James v. Chatham County Superior Court et. al.*, CV420-169, doc. 4 at 6 (describing

Plaintiff's repeated failure to comply with Court orders and willingness to abuse the courts after having filed at least twenty-four cases and not complying with IFP procedures in those cases), *adopted* doc. 7 (S.D. Ga. Dec. 23, 2020); *see also James v. City of Savannah et al*, CV421-296; and *James v. Chatham County Jail*, CV421-284; *James v. United States District Court*, CV419-031; *James v. U.S. Marshals*, CV419-287 (appeal rejected for failure to file consent form); *James v. Christine*, CV418-293; *James v. Christine*, CV418-306; *James v. Gammon*, CV418-307. Moreover, even though Plaintiff has been able to avoid many merits-based dismissals due to his noncompliance with the rules requiring payment of fees, he has, by date of this order, accumulated three strikes and will be limited by 28 U.S.C. § 1915(g) from filing frivolous claims in the future.[1] *See James v. Moore et al*, CV421-327, doc. 4 (S.D. Ga. July 13, 2022).

As Plaintiff is aware, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), **all prisoners**, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00.  28

---

[1] The present case predates the three strikes determination and the filing restriction order.  Thus, the below holding does not rely upon this rationale for dismissal.

U.S.C. § 1915(b)(1); *see Brooks v. Special School Dist. of St. Louis Cnty.*, 129 F.3d 121 (Table) (8th Cir. 1997).  Plaintiff has also been informed that proceeding IFP is a privilege, not an entitlement.  *See James v. United States District Court*, CV419-31, doc. 8 at 2 n. 1 (S.D. Ga. Mar. 18, 2019) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993)).  Courts have discretion to afford litigants IFP status; it is not automatic.  28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions).

Nevertheless, although payment or a request to proceed *in forma pauperis* is mandatory, a party's failure to comply does not deprive the Court of jurisdiction.  *See White v. Lemma*, 947 F.3d 1373, 1378 (11th Cir. 2020) ("[A]lthough a non-IFP prisoner must pay the filing fee or face dismissal, [cit.], our precedent also holds that the timely payment of a filing fee is not a jurisdictional requisite." (internal quotation marks and citations omitted)).  Thus, as the Court is not deprived of jurisdiction on account of Plaintiff's disregard of the PLRA and related filing fee requirement, it will proceed to review Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); *Al-Amin v. Donald*, 165 F. App'x 733, 736 (11th

Cir. 2006) (per curiam); *see also* 28 U.S.C. § 1915A. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In his Complaint, Plaintiff alleges that he was indicted by the U.S. Marshals on September 10, 2018, but upon his arrest, the Marshals did not provide him with a warrant for arrest or search for the contraband which he was being accused of possessing. Doc. 1 at 3. Thereafter, the U.S. District Court failed to prove probable cause for the arrest, and he was unlawfully prosecuted and convicted based on the fruits of that illegal search and seizure. *Id.*

Although Plaintiff indicated that he seeks redress under Section 1983, he makes claims against two federal entities: the United States Marshals and the United States District Court.  As such, his claim is more properly brought under the theory of recovery delineated in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) (Section 1983 "provide[s] a remedy for deprivation of rights under color of state law and do[es] not apply when the defendants are acting under color of federal law."); *see also Bivens* 403 U.S. 388 holding that injured plaintiffs can bring an action for damages against *federal officers* for violations of their constitutional rights); *but see Egbert v. Boule*, ___ U.S. ___, 142 S. Ct. 1793, 1803 (2022) (recognizing that a cause of action under *Bivens* is "a disfavored judicial activity.").

The proper defendant for a *Bivens* action is the individual who committed the act complained of and not the federal department or agency that employs the individual.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to allow *Bivens* actions against federal agencies); *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) ("[A] plaintiff may not bring a *Bivens* action against a federal agency . . ..") *Strickland*

*v. Montgomery City Jail*, 2007 WL 1669439, at *1 (M.D. Ala. June 8, 2007) (dismissing *Bivens* claims against U.S. Marshals Service under 28 U.S.C. § 1915(e)(2)(B)(i).  In this case, Plaintiff sued the United States Marshals Service and the U.S. District Court; the former  is an agency of the federal government, and the latter represents a branch of the federal government itself.  Neither is subject to suit in this instance.  *F.D.I.C.*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also, e.g., Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002) (holding that the United States and its officials are entitled to sovereign immunity for civil rights claims because United States has not consented to suit).  Given the disposition of many of Plaintiff's other duplicative cases, he is well aware of these legal principles.  *See e.g., James v. City of Savannah*, 2022 WL 2210066, at *2 (S.D. Ga. June 21, 2022) ("The United States District Court is not an entity subject to suit under any statute relevant to Plaintiff's Complaint.").  Thus, Plaintiff's claims should be dismissed.

Moreover, even if Plaintiff had named suable individuals as is proper under either Section 1983 or *Bivens*, his conclusory and deficient allegations that he was unlawfully arrested and prosecuted fail.  *See* doc.

1; *see also Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (holding that the exclusionary rule is not a personal constitutional right, does not apply in the context of arrestee's malicious prosecution claim and that evidence obtained in illegal search could prove that warrants were supported by probable cause in civil suit).  Even though Plaintiff's Complaint lacks sufficient detail to fully determine the contours of his claims, any amendment would be futile for the reasons discussed above, and his claim should be dismissed, especially given his prior vexatiousness.  *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (A district court need not grant leave to amend where even "a more carefully drafted complaint could not state a claim."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

## CONCLUSION

For all the foregoing reasons, plaintiff's action should be **DISMISSED** in its entirety.  His second Motion for Leave to Proceed *in Forma Pauperis*, doc. 4, is **DENIED** as moot.  *See* doc. 3 (granting IFP).

Moreover, Plaintiff's failure to pay his filing fees is not excused by the immediate dismissal of this claim. The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief. In this case, Plaintiff was previously informed of the fee requirements, and the Court afforded Plaintiff an opportunity to voluntarily dismiss his Complaint prior to submitting the forms enclosed with that Order, thereby avoiding payment of the filing fee or receiving another "strike" under § 1915(g). *See* doc. 3 at 3. The undersigned also informed him that failure to timely respond would be construed as a voluntary dismissal. *Id.* at 4. Plaintiff did not avail himself of any of these opportunities. Rather than responding appropriately or abandoning his claim, Plaintiff filed another noncompliant Motion for Leave to Proceed IFP and again did not provide the Court with the required details for determining his indigency or include required IFP forms. Doc. 4. Considering Plaintiff's failure to heed the Court's warning and his prior vexatious and abusive filing activity,[2] the Court construes his noncompliance and defiant filings in

---

[2] *James v. Chatham County Superior Court et. al.*, CV420-169, doc. 4 at 6, adopted

this respect with an intention to proceed upon his frivolous claims without concern for the cost associated therewith.

Plaintiff is **DIRECTED** to pay the required filing fee. The custodian of the Coleman Federal Correctional Complex shall set aside 20 percent of all future deposits to Plaintiff's account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.[3]

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk

---

doc. 7 (S.D. Ga. Dec. 23, 2020).

[3] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 9th day of November, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA