IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CALVIN JAMES,                       )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )      CASE NO. CV420-111
                                    )
U.S. MARSHALS and U.S.              )
DISTRICT COURT FOR GEORGIA          )
SAVANNAH DIVISION,                  )
                                    )
    Defendants.                     )
_____)

## O R D E R

Before the Court is the Magistrate Judge's November 9, 2022, Report and Recommendation (Doc. 6), to which Plaintiff filed an Objection (Doc. 8).[1] After a careful review of the record,[2] Plaintiff's objections (Doc. 8) are **OVERRULED**, and the report and recommendation (Doc. 6) is **ADOPTED** as the Court's opinion in this

---

[1] Plaintiff also filed a "Notice to the Court" explaining his delay in filing his objection. (Doc. 7.) Although the Court orders dismissal based upon Plaintiff's failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) rather than his untimeliness, the Court notes that even pro se litigants have a continuing obligation to apprise the Court of any address change. S.D. Ga. L.R. 11.1.

[2] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

case. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. 1.) The Clerk of Court is **DIRECTED** to close this case.

The Magistrate Judge recommended dismissing Plaintiff's complaint because Plaintiff named federal entities that are immune from suit rather than individual federal officials. (Doc. 6 at 6-7.) The Magistrate Judge also found that Plaintiff's complaint failed to allege sufficient facts to state a claim. (Id. at 6-7.)

Plaintiff objects to the Magistrate Judge's recommendation, arguing that the "Courts have provided no evidence of [a] warrant[']s existence nor probable cause for [the] search or arrest." (Doc. 8 at 1.) Plaintiff also reasserts his argument that Defendants are liable under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), but he claims the officers' identities are unknown. (Doc. 8 at 1.) Plaintiff further objects to the Magistrate Judge's order directing the Clerk of Court to collect filing fees from Plaintiff's prison account until the fees are fully recovered. (Id.)

Plaintiff's objections do not defeat the Magistrate Judge's recommendation that dismissal is warranted. Although Plaintiff claims the officers' identities are unknown, he does not address the Magistrate Judge's conclusion that he failed to allege sufficient facts to state a claim. As to Plaintiff's objection to the Magistrate Judge's order assessing filing fees, Plaintiff has

not established that that the Magistrate Judge's decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) (reversing a magistrate judge's ruling on a nondispositive matter is appropriate upon a finding that the order is "clearly erroneous or contrary to law[]"). Indeed, as noted by the Magistrate Judge, under the Prison Litigation Reform Act("PLRA"), all prisoners, even those who are allowed to proceed in forma pauperis ("IFP"), must pay the full filing fee of $350.00. (Doc. 6 at 2-3); 28 U.S.C. § 1915(b)(1). IFP status does not afford prisoners the ability to avoid paying filing fees. Rather, IFP status merely allows prisoners to avoid prepaying their filing fees. Thus, Plaintiff's objection in this respect is meritless. Plaintiff had an opportunity to avoid the obligation of paying a filing fee (Doc. 3 at 3), but he is determined to pursue frivolous, duplicative claims without any apparent concern for the cost (Doc. 6 at 1-2). Plaintiff's repeated failure to respond or adhere to the Court's orders constitutes an abuse of the judicial process. Given Plaintiff's "three-strike" status, he may not continue to frustrate the purpose of the PLRA without suffering the consequences, which include the payment of filing fees.

Accordingly, the Court **OVERRULES** Plaintiff's objections (Doc. 8), and **ADOPTS** the report and recommendation (Doc. 6) as the Court's opinion in this case. Consequently, this case is **DISMISSED**

**WITHOUT PREJUDICE**. (Doc. 1.) The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 17th day of January 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA